LEHIGH VALLEY RAILROAD COMPANY, LESSEE OF MORRIS CANAL AND BANKING COMPANY, PROSECUTOR, v. STATE BOARD OF TAXES AND ASSESSMENT ET AL., DEFENDANTS.

Submitted February 2, 1925—Decided March 31, 1925.

1. An agreement dated November 29th, 1922, providing for the conveyance to the prosecutor and to the State of New Jersey certain properties therein described, under the provisions of the statute (*Pamph. L.* 1922, *p.* 367), as follows: "Said companies shall not, nor shall either of them, be responsible for any taxes assessed for the calendar year 1923, or for any period after January 1st, 1923, on the property conveyed." *Held,* the agreement does not apply to taxes levied under a statute, which requires the valuations to be complete, and a lien to take effect on the first day of November, 1922.

2. The words in the agreement, "taxes assessed for the calendar year 1923," describes the act of laying the tax, the word "assessed" is synonymous with the word "levy." It means an official valuation of property for taxation. It does not mean simply the computation of the tax.

---

On *certiorari.*

Before Justices KALISCH, BLACK and CAMPBELL.

For the state, *Edward P. Stout.*

For the prosecutor, *Collins & Corbin* and *Robert J. Bain.*

The opinion of the court was delivered by

BLACK, J. The *certiorari* was allowed in this case to review the assessment made by the state board of taxes and assessment, for the so-called taxes of 1923, on the waterway of the Morris canal, extending from the centre line of Washington street, in Jersey City, to the east bank of the Hackensack river, in Jersey City, valued at $375,000, and on the waterway of the Morris canal from the south side of Main street. in Phillipsburg, to the Delaware river, valued at $12,900. This property was to be conveyed to the Lehigh Valley Railroad Company by a deed dated February 28th, 1923, under the agreement dated November 29th, 1922.

The point involved in the case is a question of law. It is the same point raised as in the 38.380-acre (third) tract of land of the Lehigh Valley Railroad Company in case No. 224, in which a public waterway or channel of two hundred and fifty feet wide, having an area of 12.541 acres through the big basin, was to be conveyed to the State of New Jersey on February 28th, 1923, under the agreement of November 29th, 1922. The claim is made under the statute (*Pamph. L.* 1922, *p.* 367, approved March 11th, 1922), under which the respective claims of the state and the parties were to be settled on the abandonment of the Morris canal. Under that statute, an agreement was made by the commissioners for such a settlement dated November 29th, 1922. Deeds of conveyance were to be made in pursuance of that agreement, dated February 28th, 1923, as above stated. The twelfth paragraph of the agreement provides, as follows: "Said companies shall not, nor shall either of them, be responsible for any taxes assessed for the calendar year 1923, or for any period after January 1st, 1923, on the property conveyed and transferred or to be conveyed and transferred to the State of New Jersey under the terms of this agreement."

The assessments were made under the Railroad Tax act. *Pamph. L.* 1888, *p.* 269, as amended by *Pamph. L.* 1918, *p.* 1078, and by *Pamph. L.* 1922, *p.* 14. Those statutes provide that statements or schedules must be returned to the state board by the companies, on or before the 1st day of March, 1922; stating the property of the companies, as it existed on the 1st day of January, 1922. So, in *Pamph. L.* 1905, *p.* 189. By the statute (*Pamph. L.* 1922, *p.* 14, § 5), the state board shall complete their valuations by the 1st day of November following, the date fixed for filing the reports by the companies, *i. e.*, by the 1st day of November, 1922. So, in the act (*Pamph. L.* 1888, *p.* 269, § 9) the lien shall take effect on the 1st day of November.

Under this statement of facts, the prosecutor now seeks to have the taxes on the property adjusted or annuled and set aside. The point was made by proofs and exceptions on the appeal, before the state board, as the proper practice, as pointed out in the case of the *Central Railroad Co.* v. *State Board of Assessors,* 49 *N. J. L.* 1. The state board denied the application. Hence, the legal question involved for solution.

By the act (*Pamph. L.* 1922, *p.* 15, § 4) the state board shall certify and report to the comptroller of the state on or before the 1st day of June following the completion of their proceedings for review. So, the taxes shall be due and payable into the state treasury on any day between the 1st day of June and the 1st day of December following. *Pamph. L.* 1922, *p.* 14, § 4. So, in *Pamph. L.* 1921, *p.* 366, § 2.

By the original Railroad Tax act, that of 1884 (*Pamph. L.* 1884, *p.* 142), the state board of assessors was required to meet on the first Monday of July, to complete their assessments by the 1st day of November, a copy of the valuations to be served upon the companies within ten days after the 1st day of November. So, the board was required to certify on or before the 1st day of December in each year a statement of the assessed valuation of the property of each company and the amount of tax payable. The tax was payable on any day between the 1st day of November and the 1st

day of February following. The board was required to meet on the third Monday in November for the purpose of reviewing their assessments. The board could adjourn from time to time till they had finished their hearings.

These provisions were carried into the act as redrafted and re-enacted in 1888, page 269. Thus, it will be seen by the original Railroad Tax act, and, as redrafted in 1888, the assessments were made and completed within the calendar year. The law so stood until the act (*Pamph. L.* 1918, *p.* 1078) was passed. The provision was carried into that act, which requires the state board to complete the valuations by the 1st day of November, as in the earlier acts. So, in *Pamph. L.* 1922, *p.* 15, § 5. These later acts (*Pamph. L.* 1918, *p.* 1078; *Pamph. L.* 1921, *p.* 365; *Pamph. L.* 1922, *p.* 14) simply gave the state board further time in which to hear the complaints, as to the valuations to make the computations, applying the tax rates computed as provided in the statute, certify the same to the comptroller of the state, and extend the time of payment to a period between the 1st day of June and the 1st day of December following the completion of the valuations. But the statute (*Pamph. L.* 1922, *p.* 14) requires the valuations to be completed on the 1st day of November preceding. The state board to meet on the third Monday in June to conclude their hearings before the 15th day of October following. The state board shall certify to the comptroller of the state all corrections which they shall make in any assessment on or before the 5th day of November. *Pamph. L.* 1922, *p.* 15, § 6. It is provided in *Pamph. L.* 1888, *p.* 277, § 12, that all complaints must be presented to the state board on or before the third Monday of November or they shall be deemed to have been waived. But in practice this point is treated as being repealed by *Pamph. L.* 1912, *p.* 15. § 6.

All that comes after the completion of the valuations on November 1st in each year is largely ministerial and administrative work, except, perhaps, the hearing of the complaints; mostly computations.

So, that, while the taxes are now spoken of as of the year in which the state board certifies the taxes to the comptroller of the state, with the amount of the tax that is due (in this case, 1923), the taxes in point of fact are those for which the companies are liable under the statute, which provides, the board shall complete their assessments and the lien shall take effect the previous November 1st, *i. e.*, 1922. At that time, the situation had· arrived, when the liability of the companies became fixed, so, what the commissioners did by their agreement of November 29th, 1922, providing for a conveyance on February 28th, 1923, is immaterial, so far as the taxes under investigation are concerned. So, it has no application to the valuations, which by the statute must be completed on or before the 1st day of November, 1922. Any other construction of the clause in the agreement, probably, would render it in conflict with the constitution. Article 4, section 7, paragraph 12. But it is not necessary to discuss or decide this point. The words "taxes assessed for the calendar year 1923," used in the agreement of November 29th, 1922, describe the act of laying the tax, the word "assessed" is synonymous with the word "levy," that was completed on November 1st, 1922. *New Jersey Midland Railroad Co.* v. *Mayor, &c., Jersey City*, 42 *N. J. L.* 97. It means an official valuation of property for taxation. It does not mean simply the computation of the tax. 1 *Words & Phr.* 547.

So, we conclude the taxes involved in this appeal and the taxes levied on the third tract of land in case No. 224 should be affirmed, as they are not affected by the agreement of November 29th, 1922.